Michael O'Grady, Plaintiff-Appellant,
v.
Synthia O'Grady, Defendant-Respondent.
No. 04-0780.
Court of Appeals of Wisconsin.
Opinion Filed: August 26, 2004.
¶1 VERGERONT, J.[1]
Michael O'Grady appeals the circuit court order dismissing his small claims complaint for child support from Synthia O'Grady, his former wife. We affirm.

BACKGROUND
¶2 Michael filed the summons and complaint in this action on January 7, 2004, in the circuit court for Columbia County. The summons and complaint states that Synthia's address is 2223 129th Lane NW, Coon Rapids, Minnesota, and the certificate of service shows she was served on January 26 at that address.
¶3 In the statement of facts attached to the complaint, Michael alleges the following. During June 2003, he was exercising summer physical placement rights with the four minor children in accordance with a prior agreement and court order of placement for June, July, and August. Synthia failed to pay child support for those months, although she was employed and able to do so and had various assets. Synthia obstructed his physical placement rights in July 2003 by "abducting the minor children and taking them back to Minnesota." Michael sought "compensatory damages and relief" in the amount of $4,500, "which includes owed child support and the amount of debt incurred by [him] because of intentional acts by [Synthia] receiving actual support or support credit while [he] has custody of the children."
¶4 The summons and complaint set the appearance for February 9, 2004, at the Columbia County Courthouse. The summons and complaint also explained that the defendant must either appear at that time or file a written answer on or before that date and time.
¶5 Synthia filed an answer on February 9, 2004, denying the allegations of the complaint and making the following additional allegations. She has lived in Coon Rapids since September 2002, and worked part time in 2003, averaging twenty to twenty-five hours a week. She and Michael were divorced in 1997 in Marathon County, and a copy of the findings of fact, conclusions of law and judgment of divorce is attached to the answer. That document awards joint legal custody of the four minor children to both parties, gives primary physical placement to Synthia, with liberal periods of physical placement to Michael as outlined in the marital settlement agreement, and child support is as specified in the marital settlement agreement, which the court approved and incorporated into the judgment. The marital settlement agreement, a copy of which was attached to the answer, provides that Michael is to have physical placement of the children during June, July, and August when their school is out, except for the first week school is out and the last week before school starts again; and Synthia, if employed full time, is to make "appropriate child support payments" directly to Michael during those three months "when [Michael] is exercising physical custody of the minor children." Michael is not responsible for payment of child support "while he is exercising physical placement during [those months]." Synthia alleged in her answer that Michael had never exercised his summer placement rights for June, July, and August. In June 2003, she and Michael made arrangements for the children to visit Michael for six days and she dropped them off. A copy of a letter from her to Michael summarizing these arrangements is attached to the answer. When she came to pick the children up, the youngest son was not there, and there was a dispute over whether that child should leave with Synthia. Michael called the police, and an attached police report describes the incident. The youngest son did not leave with Synthia.
¶6 In her answer, Synthia moved to dismiss the complaint on the grounds, among others, that the court lacked personal jurisdiction over her and lacked subject matter jurisdiction because of the Marathon County action.
¶7 On February 11, 2004, two days after Synthia filed her answer and motion to dismiss, the court commissioner entered an order stating that the court lacked subject matter jurisdiction.
¶8 The next document in the circuit court record is the order of the circuit court, entered on March 1, 2004, affirming the court commissioner's dismissal of the complaint. The court concludes that the child support order Michael sought to enforce was entered in a divorce proceeding in Marathon County, the children resided in the State of Minnesota and, pursuant to WIS. STAT. § 767.025(2)(a),[2] a proceeding to enforce child support must be brought either in the county where the judgment or order was granted or in the county where the children reside, unless certain statutory criteria were met, which were not met here.

DISCUSSION
¶9 Michael first contends on appeal that Synthia filed misleading documents with the court and he was not given the opportunity to dispute the documents. He asserts in his brief that, when he appeared at the Columbia County Courthouse on February 9, 2004, at 2:00 p.m., he was given a copy of Synthia's answer by the clerk of courts and told that the hearing would be rescheduled, but it never was. Instead, he received the court commissioner's order dismissing the complaint. Apparently Michael is contending that he should have had an opportunity to dispute the contents of the answer before the court commissioner, but did not have that opportunity because he did not receive it until February 9, and he expected a hearing would be held on another date before the court commissioner issued his decision.
¶10 Although the record does not contain Michael's request for review of the court commissioner's decision, both he and Synthia tell us in their briefs that he did so. The circuit court affirmed the court commissioner's order, and that is the order that is before us on appeal. There is nothing in the record to show that Michael submitted any objection to the authenticity of the Marathon County divorce judgment or the marital settlement agreement, or submitted any evidentiary materials showing they were altered, as he suggests they "may have been." If Michael did submit such materials to the circuit court, as the appellant it was his obligation to include them in the record on appeal, and we presume that any materials omitted from the record support the order appealed. Fiumefreddo v. McLean, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993). If Michael did not submit any such materials to the circuit court, then the court did not error in considering Synthia's answer and the attachments, as well as the complaint, in deciding whether to dismiss the complaint. In addition, Michael was not entitled to a hearing on the authenticity or accuracy of the divorce judgment or martial settlement agreement unless he submitted evidentiary materials showing there were factual disputes that needed to be resolved.
¶11 Michael also argues that the court erred in applying WIS. STAT. § 767.025(2)(a) to dismiss his complaint, because the complaint is not a "petition, motion or order to show cause ... for enforcement ... of a child support ... order...." There is no merit to this argument. The name given to a pleading does not determine whether this statute applies. The significant point is whether the pleading seeks to enforce a child support order or judgment. Michael's characterization of the source of Synthia's alleged obligation to him as a contractmeaning the marital settlement agreementignores the divorce judgment, which explicitly "incorporate[s]" the marital settlement agreement and makes it a "judgment of the court."
¶12 We conclude that the circuit court did not err in affirming the decision of the court commissioner and dismissing the complaint.
By the Court.  Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] WISCONSIN STAT. § 767.025(2)(a) provides:

(2)(a) Except as provided in ch. 769, if the petition, motion or order to show cause is for enforcement or modification of a child support, family support or maintenance order, the petition, motion or order to show cause shall be filed in the county in which the original judgment or order was rendered or in the county where the minor children reside unless any of the following applies:
1. All parties, including the state or its delegate if support, support arrearages, costs or expenses are assigned under ch. 49, stipulate to filing in another county.
2. The court in the county which rendered the original judgment or order orders, upon good cause shown, the enforcement or modification petition, motion or order to show cause to be filed in another county.